NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANASTACIA SALVADOR HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-73151

Agency No. A200-246-988

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Anastacia Salvador Hernandez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* We deny the petition for review.

Because Salvador Hernandez does not challenge the agency's determination that the asylum application is untimely, we do not address it. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015). We do not address Salvador Hernandez's contentions as to merits of her asylum claim because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Salvador Hernandez's asylum claim fails.

Substantial evidence supports the agency's determination that Salvador Hernandez failed to establish her proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Salvador Hernandez did not establish membership in

a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

We do not consider Salvador Hernandez's newly-raised particular social group of "Americanized people from Mexico" because the BIA did not decide the issue, *see Santiago-Rodriguez*, 657 F.3d at 829, and Salvador Hernandez does not contend the BIA erred in finding that her proposed particular social group was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in forfeiture). We do not address Salvador Hernandez's contentions as to whether she suffered harm rising to the level of persecution, nexus, and whether she could relocate because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez*, 657 F.3d at 829.

Thus, Salvador Hernandez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Salvador Hernandez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to

20-73151

Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**